IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

        v.  :  Criminal Case No. DKC 07-0051
                Civil Action No. DKC 20-1404

DARRIN ANTOINE CHASE  :

**MEMORANDUM OPINION**

Darrin Antoine Chase, through counsel, filed a motion to vacate judgment under 28 U.S.C. § 2255 on June 11, 2020, arguing that in light of the Supreme Court's decision in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019), Mr. Chase's guilty plea and subsequent conviction must be vacated. (ECF No. 20). Mr. Chase was released from imprisonment on June 28, 2012. His period of supervised release was terminated March 1, 2015. (ECF No. 17).

The court issued a show cause order on July 8, 2020, directing Petitioner to show cause why his pending motion to vacate, set aside, or correct sentence should not be dismissed (ECF No. 21). Petitioner's counsel filed a response on July 21, 2020, acknowledging that Mr. Chase served his term of imprisonment and his period of supervised release had been terminated and advising that he was in the process of securing Mr. Chase's address so that a letter could be sent to him asking him if he wishes voluntarily

to dismiss the § 2255 motion. (ECF No. 22). To date, no further response has been filed.

Mr. Chase's motion to vacate judgment under 28 U.S.C. § 2255 will be dismissed. He has served his period of imprisonment and is no longer on supervised release and thus may not bring a motion to vacate pursuant to § 2255. *Maleng v. Cook*, 490 U.S. 488, 491 (1989).

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Upon review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, the court will decline to issue a certificate of

appealability on the issues which have been resolved against Petitioner.  A separate order will follow.

                                                                                     /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge